The Honorable Phil Wyrick State Representative 11001 Alexander Road Mabelvale, Arkansas 72103-1905
Dear Representative Wyrick:
This is in response to your request for an opinion regarding the "Senior High School Spirit Organization Constitution," which you indicate in your correspondence is used by the Little Rock School District. This "constitution" sets forth the guidelines and rules concerning student participation in "spirit organizations" such as cheerleading squads, drill teams and pep clubs. In your correspondence, you specifically reference the section of the "Senior High School Spirit Organization Constitution" entitled "Judging Panel," which provides in pertinent part the following:
Judging Panel — Meets with LRSD Policy
 1. Five to eight judges will be selected by the sponsor.
2. Judges may be male and female.
 3. Qualifications must include knowledge of skills being evaluated by the performance matrix.
 4. Judges must be adults from without the immediate or feeder schools. LRSD employees, Board members, and relatives of competitors are prohibited from serving as a judge.
 5. The panel must be racially balanced [Emphasis added.]
"Senior High School Spirit Organization Constitution," pg. 9 (Revised 1991).
With regard to the requirement (as set forth above) that judging panels for the selection of school spirit groups be "racially balanced," you have posed the following nine questions:
 1. Can race be a condition for being placed on a judging panel?
 2. If race can be a condition for being placed on a judging panel, can a more qualified judging panel candidate be excluded due to race only?
 3. Should the judging panel be selected based on their experience and qualifications rather than race?
4. What does "racially balanced" mean?
5. Will all races be represented?
 6. Does racially balanced mean the racial make-up of the school district, student body, or candidate group?
 7. If the racial make-up of the judging panel does not reflect the racial make-up of the candidate group, could the results of the judging be racially influenced?
 8. Does the race of a judging panel member indicate that race should influence the results of the judging?
 9. If it is not assumed that race is an influencing factor, why does the condition exist that judging panel members are selected partly due to race?
With regard to the foregoing questions, I am unable to give responses since an attempt to do so would involve construing the school "constitution" submitted with your request. As this school "constitution" is not a state law, an interpretation of it is beyond the scope of an attorney general's opinion. Additionally, since you indicate that the "constitution" is one used by the Little Rock School District, it also appears that any attempt to answer your questions could tangentially touch on matters involved in the federal courts' continual monitoring of the Little Rock School District as a result of various desegregation orders.
The foregoing, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh